UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TYNDALL FEDERAL CREDIT UNION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-00111-WC |
| | ) | |
| DARTY PROPERTIES, LLC, | ) | |
| DAVID LANDON DARTY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| GOOD CENTS CONSTRUCTION, INC. and | ) | |
| GOOD CENTS CONSTRUCTION | ) | |
| CONSULTANTS, LLC, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| | ) | |

**FIRST AMENDED COMPLAINT OF TYNDALL FEDERAL CREDIT UNION**

COMES NOW Plaintiff Tyndall Federal Credit Union ("Tyndall") and asserts the following First Amended Complaint against David Landon Darty ("Darty"), Darty Properties, LLC ("Darty Properties"), Good Cents Construction, Inc. ("Good Cents"), and Good Cents Construction Consultants, LLC ("Good Cents Consultants"). In support of its First Amended Complaint, Tyndall avers as follows:

**PARTIES**

1. Tyndall is a federally chartered credit union whose activities are localized in the state of Florida. Indeed, Tyndall's principal place of business is located in Panama City, Florida, nine

1

(9) of its (13) branches are located in Florida, the majority of its business is transacted in Florida, and its charter expressly limits its field of membership to civilian and military personnel that have a connection with the Tyndall Air Force Base, other military units and operations, or certain private companies located primarily in the Panama City, Florida area.

2. Darty Properties is a limited liability company formed under the laws of Alabama with its principal place of business in Dothan, Alabama and with Darty, an Alabama resident, as its sole member.

3. Darty is an individual over the age of nineteen (19) and a resident of Alabama.

4. Upon information and belief, Good Cents is an Alabama corporation with its principal place of business in Alabama.

5. Upon information and belief, Good Cents Consultants is an Alabama limited liability company with its principal place of business in Alabama and with Ronald Dewan Hovey, an Alabama resident, as its sole member.

## JURISDICTION AND VENUE

6. The Court has jurisdiction of this action under 28 U.S.C. § 1332 as the matters alleged herein are controversies between citizens of different states and the amount(s) in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper to the United States District Court, Middle District of Alabama, Southern Division, under 28 U.S.C. § 1391 as the various events giving rise to the controversies described herein occurred in this Federal District and Division, and all Defendants are subject to the jurisdiction of this Court.

## FACTS

8. On or about May 29, 2015, Tyndall and Darty Properties entered into a Lease Agreement for the real property situated at 3116 Ross Clark Circle, Dothan, Alabama 36303 (the "Leased Premises"). A true and correct copy of the Lease Agreement is attached hereto as Exhibit A.

9. Pursuant to Paragraph 5 of the Lease Agreement, Darty Properties agreed to maintain the roof and outside walls of the building and to be responsible for structural repairs which may be necessary during the term of the Lease Agreement.

10. Between May 29, 2015 and February 23, 2016, Tyndall operated the Leased Premises as a branch of its not-for-profit credit union business.

11. On or about February 24, 2016, the Leased Premises suffered storm damage to the roof, causing leaks and water intrusion to the interior of the building on the Leased Premises.

12. In response to the February 24, 2016 storm damage and water intrusion, Darty Properties undertook to perform repairs to the building.

13. Darty Properties alleges that it contracted with Good Cents and Good Cents Consultants to perform any necessary repair work to the Leased Premises.

14. Darty, Darty Properties, Good Cents, and/or Good Cents Consultants informed Tyndall that repairs would not be completed and that Tyndall could not resume operation at the Leased Premises until March 23, 2016.

15. On or about March 17, 2016, before Tyndall was allowed to re-occupy the building on the Leased Premises, the roof suffered further storm damage, leaks, and water intrusion.

16. On or about March 18, 2016, despite Darty, Darty Properties, Good Cents, and/or Good Cents Consultants originally informing Tyndall that repairs from the first storm event

could not be completed until March 23, 2016, Darty, Darty Properties, Good Cents, and/or Good Cents Consultants suspiciously claimed to have made all necessary repairs from both storm damage and leak events in only one day.

17. The February and March 2016 leaks that resulted from improper maintenance and repair of the roof caused physical damage to Tyndall's equipment and the interior of the Leased Premises, forcing Tyndall to suspend operations at the Leased Premises after February 24, 2016.

18. For approximately five months after the February and March 2016 leaks, Tyndall made numerous written demands on Darty and Darty Properties to evaluate and sufficiently repair the source of the leaks and remediate water intrusion in the Leased Premises.

19. In response to Tyndall's written demands, Darty and Darty Properties represented that the roof had been repaired, that the effects of water intrusion into the building were "not severe", and that the Leased Premises was fit for use.

20. Upon its own investigation, Tyndall discovered that water intrusion in the building had not been remediated in any way and the building was not fit for use.

21. When Tyndall confronted Darty and Darty Properties about the un-remediated water intrusion, Darty made no effort to investigate or remediate the issues, but rather offered to terminate the Lease Agreement upon payment of six more months of rent by Tyndall.

22. Tyndall paid required rent pursuant to the Lease Agreement under protest from March 2016 through July 2016, when it became clear that Darty and Darty Properties actively refused to make appropriate repairs or to remediate water intrusion in the Leased Premises. When it became clear that Darty and Darty Properties actively refused to remediate water intrusion in the Leased Premises, Tyndall properly terminated the Lease Agreement in July 2016.

23. As a result of Darty, Darty Properties, Good Cents, and/or Good Cents Consultants' failure to maintain and repair the building, Tyndall was forced to terminate its operations and close its branch at the Leased Premises after February 24, 2016.

24. As a result of the acts, omissions, and representations described herein of Darty, Darty Properties, Good Cents, and/or Good Cents Consultants, Tyndall was caused to incur damages in the form of physical damage to tangible property, lost rent, business expenses, business interruption, reputational damage, lost profits, and other consequential and incidental damages, as well as attorneys' fees and expenses.

## COUNT I
### (Breach of Contract – Darty Properties)

25. Tyndall adopts and incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

26. Tyndall and Darty Properties were parties to the valid Lease Agreement.

27. Tyndall performed all of its obligations under the Lease Agreement.

28. Darty Properties breached the Lease Agreement by failing to maintain the roof of the Leased Premises and failing to make structural repairs necessitated by the failure to maintain the roof.

29. As a proximate result of Darty Properties' breach of the Lease Agreement, Tyndall was caused to incur damages in the form of physical damage to tangible property, lost rent, business expenses, business interruption, reputational damage, lost profits, and other consequential and incidental damages in an amount exceeding $75,000.00, exclusive of interest and costs, as well as attorneys' fees and expenses.

## COUNT II
**(Negligence/Wantonness – Darty, Darty Properties, Good Cents, Good Cents Consultants)**

30. Tyndall adopts and incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

31. In undertaking to repair the roof of the Leased Premises, Darty, Darty Properties, Good Cents, and Good Cents Consultants had a duty to exercise reasonable care performing these activities and/or selecting contractors to perform these activities.

31. Darty, Darty Properties, Good Cents, and Good Cents Consultants' failure to exercise reasonable care in repairing the building caused the foreseeable damage of water intrusion into the Leased Premises.

32. Darty, Darty Properties, Good Cents, and Good Cents Consultants consciously and with reckless indifference to the consequences failed to exercise reasonable care in repairing the building and caused the reasonable foreseeable damage of water intrusion into the Leased Premises with knowledge that injury would likely result to Tyndall.

33. As a proximate result of Darty, Darty Properties, Good Cents, and Good Cents Consultants' negligence and wantonness, Tyndall was caused to incur damages in the form of physical damage to tangible property, lost rent, business expenses, business interruption, reputational damage, lost profits, and other consequential and incidental damages in an amount exceeding $75,000.00, exclusive of interest and costs, as well as attorneys' fees and expenses.

## COUNT III
**(Misrepresentation/Fraud - Darty, Darty Properties, Good Cents, Good Cents Consultants)**

34. Tyndall adopts and incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

35. After the storm events, Darty, Darty Properties, Good Cents, and Good Cents Consultants made representations of material fact to Tyndall that the roof of the Leased Premises was sufficiently repaired, that the water intrusion had been remediated and was "not severe", and that the Leased Premises was fit for use.

36. Darty, Darty Properties, Good Cents, and Good Cents Consultants negligently, recklessly, or willfully made these false representations with the intent to deceive Tyndall to continue paying rent under the Leased Premises and/or conceal substandard work performed on the building.

37. Tyndall relied upon the representations of Darty, Darty Properties, Good Cents, and Good Cents Consultants, remained in the Leased Premises, and incurred rent (paid under protest), business expenses, and property damage prior to terminating the Lease Agreement after determining that Darty, Darty Properties, Good Cents, and Good Cents Consultants improperly repaired the Leased Premises and actively refused to remediate water intrusion in the Leased Premises.

38. As a proximate result of Darty, Darty Properties, Good Cents, and Good Cents Consultants' misrepresentations, Tyndall was caused to incur damages in the form of physical damage to tangible property, lost rent, business expenses, business interruption, reputational damage, lost profits, and other consequential and incidental damages in an amount exceeding $75,000.00, exclusive of interest and costs, as well as attorneys' fees and expenses.

**COUNT IV**
**(Unjust Enrichment – Darty and Darty Properties)**

39. Tyndall adopts and incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

40. After the February 24, 2016 storm event and prior to terminating the Lease Agreement in July 2016, Tyndall paid Darty Properties rent required under the Lease Agreement under protest.

41. After February 24, 2016, Darty and Darty Properties materially breached the Lease Agreement, prevented Tyndall from the use and enjoyment of the Leased Premises, and materially misrepresented the nature of the repairs to the roof and the water intrusion.

42. Accordingly, Darty and Darty Properties collected payment that in equity and good conscious is due to be returned to Tyndall, with interest.

## PRAYER FOR RELIEF

WHEREFORE, Tyndall demands judgment against Defendants for an amount in excess of $75,000.00, exclusive of interests and costs, including but not limited to: physical damage to tangible property, lost rent, business expenses, business interruption, reputational damage, lost profits, and other consequential and incidental damages, as well as attorneys' fees, litigation, expenses, and any other relief the finder of fact sees fit.

Respectfully submitted,

SIMPSON, McMAHAN,
    GLICK & BURFORD, PLLC


*/s/ W. Scott Simpson*
W. Scott Simpson {ASB-3319-s65w}
Daniel S. Weber   {ASB-2846-C13I}
Attorneys for Plaintiff


OF COUNSEL:
SIMPSON, McMAHAN, GLICK & BURFORD, PLLC
The Mountain Brook Center

8

2700 Highway 280, Suite 203W
Birmingham, AL 35223-2468
Phone:     205.876.1600
Facsimile  205.876.1616
Email:     wssimpson@smgblawyers.com
           dsweber@smgblawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing to be electronically filed and issued for service via electronic mail on April 28, 2017.

Christopher J. Zulanas
David T. Gordon
Friedman, Dazzio, Zulanas & Bowling, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
dgordon@friedman-lawyers.com
(205) 278-7000
Attorneys for Defendants Darty and Darty Properties

Ashton H. Ott
Edward M. Price, Jr.
Farmer, Price, Hornsby & Weatherford, LLP
100 Adris Place
Dothan, AL 36303
eprice@fphw-law.com
aott@fphw-law.com
(334) 793-2424
Attorneys for Counterclaim Plaintiffs Darty and Darty Properties

Danny J. Collier, Jr.
Luther, Collier, Hodges, & Cash, LLP
Post Office Box 1002
Mobile, AL 36633
dcollier@lchclaw.com
(251) 694-9393
Attorney for Good Cents Construction Consultants, LLC

>                                    */s/ W. Scott Simpson*
>                                    Of Counsel